UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re:                                          **OBJECTION TO**
                                                **CONFIRMATION**
ROY DAHER                                       Chapter 13
ELLEN M. WOJTAL                                 Case No. 10-22765-RDD

                       Debtors

---

Michelle C. Marans, an attorney duly licensed to practice law in the State of New York and admitted in the Southern District of New York, affirms the following to be true, under penalty of perjury:

1. I am an associate of the firm of Steven J. Baum, P.C., attorneys for the Secured Creditor, Carrington Mortgage Services, LLC, as servicer for Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1 ("Carrington Mortgage Services, LLC").

2. This Affirmation is submitted for the purpose of objecting to confirmation of the Chapter 13 Plan proposed by Roy Daher and Ellen M. Wojtal (the "Debtors").

3. Carrington Mortgage Services, LLC is a creditor secured by real property owned by the Debtors commonly known as 37 Huested Lane, West Nyack, NY 10994 ("the Mortgaged Premises").

4. The total debt due to Carrington Mortgage Services, LLC is approximately $733,036.65. In addition, the Proof of Claim asserts pre-petition arrears in the amount of $52,720.26. A copy of said Proof of Claim is attached hereto as Exhibit 'A'.

5. The Debtors' proposed plan improperly subjects the lien of Carrington Mortgage Services, LLC to valuation under 11 U.S.C. §506(a). The plan proposes to

reduce the secured claim of Carrington Mortgage Services, LLC to only $485,000.00 and to pay the remaining portion of the claim as unsecured.

6. Upon information and belief, Carrington Mortgage Services, LLC is the holder of a first mortgage fully secured by the Debtors' principal residence and as such cannot be subject to bifurcation. Pursuant to 11 U.S.C. § 1322, the Debtors may not modify the rights of holders of a secured claim secured by real property that is the Debtors' principal residence. Carrington Mortgage Services, LLC requests access to the Mortgage Premises for the purpose of conducting a full appraisal.

7. Additionally, the Debtors' proposed Plan fails to provide for full payment of the pre-petition mortgage arrears and post-petition mortgage payments due to Carrington Mortgage Services, LLC. The Plan must propose to pay pre-petition arrears and post-petition mortgage payments in order for Carrington Mortgage Services, LLC to retain its lien.

8. By virtue of the foregoing, confirmation of the Debtors' proposed Chapter 13 Plan must be denied pursuant to 11 U.S.C. §1325.

Dated: Buffalo, New York
May 24, 2010

/s/ Michelle C. Marans
───────────────────────────
Michelle C. Marans, Esq.
Steven J. Baum, P.C.
Attorneys for
Carrington Mortgage Services, LLC, as servicer for Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1
P.O. Box 1291
Amherst, New York 14240-1291
(716) 204-2400