UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re:
ROY DAHER
ELLEN M. WOJTAL
        Debtors.                                Case No.: 10-22765-rdd
                                                                        Chapter 13

_____

### STIPULATION AND ORDER APPROVING LOAN MODIFICATION WITH RESPECT TO LOAN# ENDING IN ******6686, AMENDING PROOF OF CLAIM AND WITHDRAWING OBJECTION TO CONFIRMATION

WHEREAS, Carrington Mortgage Services, LLC as servicer for Wells Fargo Bank N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1, (the "Secured Creditor") is the servicer and holder, respectively, of a mortgage dated April 7, 2006 securing a note of the same date in the amount of $596,000.00 and identified by the last four loan numbers of ******6686, secured by real property owned by Roy Daher (the "Debtor") and commonly known as 37 Huested Lane, West Nyack NY, 10994, and

WHEREAS, Debtor made a Loss Mitigation Request on or about April 27, 2010, and

WHEREAS, a Loss Mitigation Order was issued by the court on June 17, 2010, and

WHEREAS, Debtor and Secured Creditor have agreed to modify the existing terms of the note and mortgage as outlined below, and more fully in the proposed loan modification offer attached hereto as Exhibit "A", it is hereby

STIPULATED AND AGREED THAT THE MORTGAGE MAY BE MODIFIED AS FOLLOWS:

1. The note and mortgage securing the Secured Creditor's lien identified as loan ******6686 may be modified in accordance with the following terms**:**
    a. The principal balance may be modified as necessary to accomplish the loan modification, including capitalization of arrears.

b. The interest rate may be modified to a rate of 5.000% with a resulting principal and interest payment of approximately $2,716.22. The total payment may vary depending upon the escrow component required or for any other reason as set forth in the terms of the underlying note, mortgage, and prospective loan modification agreement.
2. This Stipulated Order approves the loan modification agreement or offer but does not mandate it. The Parties acknowledge that the loan modification agreement or offer has not been finalized, settled or recorded. The Parties further acknowledge that should the Secured Creditor not be able to settle, finalize or record the loan modification agreement or offer due to any act or omission of the Debtor, the loan modification agreement or offer may be revoked.
3. The Secured Creditor's claim, identified as Claim 3 on the Claims register, asserting pre-petition arrears in the amount of $52,720.26 is hereby amended, without prejudice to further amendment, so that $0.00 pre-petition arrears are claimed. The Parties agree and understand that the claim will not be paid via the Chapter 13 Plan. The Parties also agree and understand that no part of the pre-petition arrears in the amount of $52,720.26 will be discharged via the Chapter 13 bankruptcy. Should the loan modification not be settled or finalized for any reason, the Parties hereby agree that the amount of $52,720.26 in pre-petition arrears will remain owing to the Secured Creditor, regardless of confirmation of the Chapter 13 Plan and regardless of any discharge that may be issued in this case, in so far as they have not been reduced by payments made and received. Additionally, any arrears not capitalized into the principal balance of the loan via the loan modification agreement will remain owing.
4. The objection to confirmation filed by the Secured Creditor on May 24, 2010 and identified on the docket as document # 12 is hereby withdrawn without prejudice, upon the understanding that notwithstanding any order to the contrary, based upon the instant stipulation and order, the loan at issue will not be paid or affected by the Debtor's Chapter 13 plan.
5. The loss mitigation period is hereby terminated in respect to the loan ending in ******6686.
6. If not previously lifted or otherwise terminated, the automatic stay is hereby lifted for the purpose of entering into and taking such steps as are necessary to settle and finalize the loan modification agreement or offer, including recording of the modification with the

County Clerk's office.

7. Terms of the loan modification agreement not detailed in this Stipulated Order are not void, voidable, or otherwise invalid merely because they are not set out herein. To the extent that any portion of the instant stipulation varies from the terms of the proposed loan modification, the terms of the loan modification shall control. To the extent that any portion of the instant stipulation omits any portion of the original note and mortgage, such omitted portions are still valid and enforceable and the terms of the original note and mortgage are not amended other than detailed in the loan modification agreement.

8. Nothing in this Stipulated Order, the loan modification agreement or offer, or any accompanying documents shall be understood or construed to be a satisfaction or release, in whole or in part, of the original note and mortgage.

9. This Stipulated Order shall be binding upon the heirs, successors and assigns of Secured Creditor and of the Debtor.

10. It is further agreed that a fully executed copy of this Stipulation shall be deemed the original for the purposes of filing the same with the Court and that facsimile signatures shall have the same force and effect as the original signature.

11. The foregoing represents the entire agreement of the Parties and no modification, amendment, or extension thereof shall be valid, unless in writing, signed by all signatories to this agreement.

Dated: _____, 2011     Dated: _____, 2011

**Attorney for Debtor**     **Attorney for Secured Creditor**

_____     _____
Joshua N. Bleichman, Esq.     Stephen J. Wallace, Esq.
268 Route 59     220 Northpointe Parkway, Suite G
Spring Valley, NY 10977     Amherst, NY 14228
(845) 425-2510     (716) 204-2400

SO ORDERED:     _____
                Hon. Robert D. Drain
                United States Bankruptcy Judge
_____, 2011